**Mary M. LISI, Chief Disciplinary Counsel**

v.

**Joseph E. GALLUCCI.**

**No. 92–63–M.P.**

Supreme Court of Rhode Island.

Feb. 6, 1992.

Mary Lisi, Chief Disciplinary Counsel, pro se.

Charles Rogers, Providence, for defendant.

## OPINION

### PER CURIAM.

Pursuant to Supreme Court Rule 42–6(b) a hearing panel of the Disciplinary Board of the Supreme Court of Rhode Island (board) conducted hearings on May 1, 1991, and May 29, 1991, to investigate alleged violations by the respondent of the Rules of Professional Conduct as set forth in Supreme Court Rule 47. Following said hearings and investigation into this matter, the board found the respondent to be in violation of Disciplinary Rules DR 1–102(A)(3), 1–102(A)(4), 1–102(A)(6), and 7–101(A)(3). Specifically the board's findings included the fact that the respondent had represented a purchaser in a real estate transaction. A deed was signed by the parties and notarized by the respondent. The deed as executed was to have contained an easement through the property. However, because of an error in the deed's transcription, it was executed without said easement. Sometime thereafter the respondent became aware of the error. Without contacting the parties involved, the respondent photostated the original deed in such a way that it contained a proper easement clause and notarized the new copy that merely contained photostated signatures of the parties. The respondent thereafter recorded the photostated deed in the land records. The respondent's foregoing activity was found to be dishonest, fraudulent, adversely reflecting his fitness to practice law, and prejudicial to his client.

Relying upon respondent's misconduct, the board recommended that this court impose disciplinary sanctions in accordance with Supreme Court Rule 43 governing attorneys and counselors and that respondent be suspended from the practice of law for a period of not less than one year.

Notice was issued to the respondent to appear before this court and show cause why he should not be disciplined pursuant to the provisions of Supreme Court Rule 42–6(d). On October 31, 1991, the respondent appeared before this court with counsel in accordance with said notice.

After hearing the arguments of counsel and a statement in mitigation by the respondent, we are of the opinion that the respondent has exhibited sincere remorse for the offenses. Nevertheless, we are of the opinion that the nature of the respondent's misconduct, coupled with numerous past disciplinary actions resulting in the respondent's receiving three public censures, requires that we impose a disciplinary sanction. Consequently we hereby suspend the respondent from the practice of law in this State for a period of six months, such period to commence from this date.

MURRAY, J., dissents, reaffirming her conviction that the recommendation of the board should be followed.